IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DENNIS A. TATE,

                Plaintiff

VS.

HILTON HALL, *et al.*,

                Defendants

NO. 5:06-CV-339 (WDO)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

Before the court is a motion to compel discovery filed by plaintiff DENNIS A. TATE in the above-styled case.[1] Tab #26. The defendants have responded the plaintiff's motion. Tab #38.

In his motion to compel discovery, the plaintiff makes a very general argument regarding the scope of discovery but fails to provide any specific arguments as to the individual requests to which he has issue with the defendants' objections. The defendants have justified each of their responses to the discovery requests to the court, and Tate has failed to file a reply to the defendants' response.

**Interrogatory/Request No. 6**

The plaintiff requests the names, duties, and titles of all prisoners who were assaulted in 2006. Such a request is overbroad and the defendants' concerns regarding possible issues with security are justified.

---

[1]The plaintiff has also filed a motion for the release of evidence in which he claims that the prison mailroom staff confiscated records that his mother had sent the plaintiff which pertained to this case. Tab #31. The defendants have averred that the requested documents have been released to the plaintiff and the plaintiff has not replied to the defendants' response. Accordingly, the plaintiff's motion for release of information (Tab #31) is **DENIED** as MOOT.

Also still listed as pending on the court docket is the plaintiff's motion to withdraw his appeal. Tab #32. That motion is **DENIED** as MOOT in light of the Court of Appeals' dismissing the plaintiff's appeal. Tab #51.

**Interrogatory/Request No. 8**

Tate asks for information regarding the person or people who decide inmate grievances. The defendants have adequately responded to this request.

**Interrogatory/Request No. 10**

Tate asks for all grievances and other complaints received over a three year period. Such a request is overbroad and might lead to security and invasion of privacy issues.

**Interrogatory/Request No. 15**

Tate asks for the procedure taken to investigate the attack at issue in this suit and explain why he was "deprived his rights in segregation." The defendants produced the Incident Report and have provided an adequate response to the second part of the inquiry, which is very vague.

**Interrogatory/Request No. 16**

Tate asks for the names, titles, and other information regarding those who "signed the door sheets when Plaintiff was in segregation." Again, the defendants have provided information that appears to the court to be sufficient and the plaintiff has failed to provide any specific argument as to why the defendants' response was inadequate.

**Interrogatory/Request No. 19**

The defendants provided the information Tate requested — the grievances he had filed while in Macon State Prison — and the plaintiff has failed to provide any argument as to why their response is not sufficient.

**Interrogatory/Request No. 20**

Tate requests a copy of his medical record. The defendants offered to afford him an opportunity to review his medical records and make copies at his expense. That is an acceptable response.

**Interrogatory/Request No. 21**

Tate asks for all lawsuits and complaints brought against the defendants. The plaintiff's request is overbroad, Tate makes no argument as to how such a request is reasonably calculated to lead to the discovery of admissible evidence, and disseminating such information could lead to security and privacy concerns among inmates. The defendants' objection is sustained.

## CONCLUSION

For the reasons set forth above, the plaintiff's Motion to Compel is **DENIED.**

SO ORDERED this 28th day of SEPTEMBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE